**UNITED STATES of America**

v.

**Edward Grady PARTIN.**

**Crim. No. 1876.**

United States District Court,
E. D. Louisiana,
Baton Rouge Division.

May 13, 1970.

**1356**

Gerald J. Gallinghouse, U. S. Atty., Eastern District of Louisiana, James D. Carriere, Asst. U. S. Atty., Eastern District of Louisiana, New Orleans, La., for the United States.

Edward M. Baldwin, Louis B. Merhige, Baldwin & Merhige, New Orleans, La., for defendant, Edward Grady Partin.

WEST, Chief Judge:

On February 20, 1970, a federal grand jury, sitting in the Eastern District of Louisiana at New Orleans, returned a True Bill charging Edward Grady Partin with violation of Title 18, United States Code, Section 1503. The indictment charges that:

"On or about January 16, 1970, in the Baton Rouge Division of the Eastern District of Louisiana, EDWARD GRADY PARTIN wilfully and corruptly did endeavor to influence, intimidate, and impede Wade McClanahan, a witness in the case of United States of America v. Dunham Concrete Products, Inc; Louisiana Redi-Mix Company, Inc., Anderson-Dunham, Inc.; Ted F. Dunham, Jr.; and Edward Grady Partin, Criminal Action No. 1842, then pending in the United States District Court for the Eastern District of Louisiana, Baton Rouge Division, in the discharge of his duty as a witness by threatening him with bodily harm and death; in violation of Title 18 U.S.C. 1503."

The defendant, Mr. Partin, was arraigned before this Court in Baton Rouge, Louisiana, on March 20, 1970, at which time, upon advice of counsel, and in the presence of his retained counsel, he entered a plea of "Not Guilty," whereupon the Court granted the defendant twenty days within which to file motions or other responsive pleadings. On April 9, 1970, defendant, through his counsel, filed several motions, among which was a "Motion to Recuse." Attached to this motion was an affidavit executed by the defendant and witnessed by his counsel, together with a Certificate of Counsel attesting to the good faith of the affidavit, all as required by Title 28, United States Code, Section 144. The affidavit contains the following allegations upon which the motion to recuse is based:

"Edward Grady Partin, being duly sworn, deposes and says:

"I am the defendant in the above-entitled cause.

"That the Honorable E. Gordon West, Judge of the court in which this action was commenced and is now pending, and before whom it is to be tried or heard, has a personal bias and/or prejudice against me, and that the facts and reasons for such belief are as follows:

"1.·

"That in criminal case entitled U. S. vs. Edward Grady Partin, Criminal Action No. 1452, a hearing was held on May 3, 1968, before the Honorable E. Gordon West in which the court held that the interest of justice did not warrant a dismissal of an indictment against the defendant.

"That the transcript of that hearing contains many statements by the court which imply that the court had reason to believe that the defendant was responsible for destruction of certain evidence, that there were dozens of witnesses ready to testify against the defendant, that the public should be apprised of a payoff, if any, to the defendant, and the court apparently considered the defendant guilty of the charges therein;

"2.

"That in Civil Case No. 67–41, before the same court, Altex Ready-Mix Concrete Corporation vs. Ted F. Dunham, et als, in which affiant was a defendant, on October 13, 1967, a hearing was held on a motion to compel answers on deposition by affiant.

"That the comments from the court to counsel for affiant are replete with threats of contempt, with imposition of the heaviest fines possible and that affiant showed contempt for the ju-

dicial process, engaged in insulting comments at his deposition, and purposeful evasions.

"That a fair reading of the transcript of that hearing will show a bias and/or prejudice against affiant;

## "3.

"That affiant has been advised that statements were made by the court, both before and after his ascendency to the bench, to the effect that said court would 'get Partin', or words to that effect, clearly implying a bias and prejudice against affiant, evidence of which affiant will produce upon a hearing of this motion;

## "4.

"That on February 4, 1970, the Honorable E. Gordon West, sitting without a jury, rendered a judgment in the amount of $245,940.46 against General Truck Drivers, Warehousemen & Helpers of America, Local Union No. 5, an organization with which Edward Grady Partin has been closely associated in the public's eye;

## "5.

"That in United States vs. Dunham Concrete Products, Inc.; Louisiana Ready-Mix Company, Inc.; Anderson-Dunham, Inc.; Ted F. Dunham, Jr.; and Edward Grady Partin, bearing Criminal No. 1842, the said court, *sua sponte* recused himself from presiding over the said case, *ab initio*, stating that the ends of justice would be better served, without assigning the reasons therefor."

■ The motion to recuse was noticed for hearing on May 1, 1970, and on that day a hearing was held. At the hearing counsel for mover endeavored to introduce live testimony in support of his motion. This was objected to by the Government and the objection was sustained. The Court also on its own motion refused to permit any evidence to be introduced other than the affidavit filed pursuant to the provisions of Title 28, United States Code, Section 144. Since the Court, under the law, is required to accept as true all of the allegations contained in the affidavit, when considering a motion to recuse, Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 234, 65 L.Ed. 481 (1921); Tynan v. United States, 126 U.S.App. D.C. 206, 376 F.2d 761 (1967), cert. den. 389 U.S. 845, 88 S.Ct. 95, 19 L.Ed.2d 111, (1967); Willenbring v. United States, 306 F.2d 944 (CA9—1962), and since there was no dispute as to the timeliness of the filing of the affidavit, the hearing was limited to oral argument as to the legal sufficiency of the affidavit.

After hearing, the Court, for the following reasons, concluded that the motion to recuse must be denied.

Title 28, United States Code, Section 144, provides as follows:

"§ 144. Bias or prejudice of a judge

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

"The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

■■ This is the only statutory provision of the law dealing specifically with the question of recusal on the grounds of bias or prejudice. Defendant, in his affidavit, sets forth five reasons why his motion to recuse should be granted. It takes no more than a cursory examination of the affidavit to im-

mediately eliminate four of the grounds as totally inadequate. Allegations numbered 1, 2, 4, and 5 are clearly inadequate for recusation under Title 28, United States Code, Section 144. Each of these four allegations deal with either comments made or decisions rendered by the Court in prior cases in which this defendant was involved. The law is too clear to admit of argument that the only basis for recusal on the grounds of bias or prejudice is extra-judicial, personal bias or prejudice that a judge may hold against the defendant. Hanger v. United States, 398 F.2d 91, 100 (CA8—1968); Hodgdon v. United States, 365 F.2d 679 (CA8—1966), cert. den. 385 U.S. 1029, 87 S.Ct. 759, 17 L.Ed.2d 676 (1967); United States v. Grinnell Corp., 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed. 2d 778 (1966). Recusal cannot be based on the Court's rulings in other cases nor on remarks or findings pertaining specifically to the facts or law in other cases in which the defendant was involved but must instead be predicated on extra-judicial attitudes and conceptions formed outside of the courtroom. Tynan v. United States, 126 U.S.App.D.C. 206, 376 F.2d 761, 764 (1967), cert. den. 389 U.S. 845, 88 S.Ct. 95, 19 L.Ed.2d 111 (1967).

■ Likewise, inferences drawn from prior judicial determinations are insufficient grounds for recusal because it is the duty of the judge to rule upon issues of fact and law and questions of conduct which happen to form a part of the proceedings before him. In re Federal Facilities Realty Trust, 140 F. Supp. 522 (N.D.Ill.—1956); Barry v. Sigler, 373 F.2d 835 (CA8—1967); United States ex rel. Bennett v. Myers, 381 F.2d 814 (CA3—1967).

Thus, based upon these criteria, allegations numbered 1, 2, 4, and 5 of defendant's affidavit are clearly insufficient. Each of these allegations deal solely with rulings of this Court, or remarks made by this Court in connection with prior specific cases, entirely distinct, different and apart from the case presently before the Court, in which this defendant happened to have also been involved.

The rulings and/or comments complained of dealt specifically with the particular facts of the cases referred to and had no reference to the matters presently before the Court. In connection with allegation No. 4, pertaining to a money judgment rendered by this Court against the General Truckdrivers, Warehousemen and Helpers of America, Local Union No. 5, lengthy written reasons for judgment were rendered and filed in the record of that case, and it is interesting to note that four days after the motion to recuse was filed in the present case, counsel for the defendants in the above mentioned case filed a motion to extend the time within which to lodge an appeal on the grounds that arrangements were being made to satisfy the judgment rendered. This extension of time for appeal was granted by this Court. As to allegation No. 5 wherein it is stated that in Criminal Action No. 1842, this Court, sua sponte, recused itself, it need only be noted that that case involved not only the present defendant, but other defendants also, and that that case dealt with an entirely different subject matter. The fact that the Court felt that the ends of justice would best be served by recusation in that particular case can, of course, have no bearing on the Court's refusal to recuse itself in the present instance. The present case involves only this one defendant, and it involves an entirely different charge than that involved in Criminal Action No. 1842. The circumstances prompting this Court, on its own motion, to recuse itself in that case, involving several defendants, and a subject matter different from the present case, simply are not present in the instant case.

■ In passing upon a motion to recuse on the grounds of bias and prejudice, the judge must accept all of the allegations of the affidavit as true for the purpose of passing on whether or not the allegations contained in the affidavit are legally sufficient to warrant recusal. Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 234, 65 L.Ed. 481 (1921); Korer v. Hoffman, 212 F.2d

211 (CA7—1954). If he concludes that, accepting the allegations as true, they state grounds for recusal, he must recuse himself, and conversely, if they do not state sufficient grounds, he must not recuse himself. Simmons v. United States, 302 F.2d 71, 75 (CA3—1962); In re Union Leader Corp., 292 F.2d 381, 391 (CA1—1961); United States v. Thomas, 299 F.Supp. 494 (E.D.Mo.—1968). Applying these standards, allegations numbered 1, 2, 4, and 5 clearly do not set forth sufficient grounds for recusal.

In allegation No. 3, the affiant states: "That affiant has been advised that statements were made by the court, both before and after his ascendency to the bench, to the effect that said court would 'get Partin', or words to that effect, clearly implying a bias and prejudice against affiant, evidence of which affiant will produce upon a hearing of this motion."

This allegation must be treated separately from the others because it does not purport to refer to remarks made by the Court in connection with other cases in which the defendant was involved. Defendant argues that the "bias and prejudice" to which he refers in that allegation is the type of bias and prejudice that can be inferred from alleged extra-judicial statements made by the Court.

■ As previously stated, in passing upon the validity of a request for recusal under Title 28, United States Code, Section 144, the judge must accept as true the allegations of the affidavit. He can consider only the legal sufficiency of the affidavit and is precluded from refusing to recuse himself by inquiry into or discovery about the truth or falsity of the facts alleged. United States v. Parker, 23 F.Supp. 880 (D.N.J.—1938). With this standard in mind, we must now inquire into the legal sufficiency of allegation No. 3 of the defendant's affidavit. The mere filing of the affidavit of bias or prejudice does not automatically disqualify a judge. It is only after the judge against whom it is directed examines the affidavit and finds it to be timely and sufficient that his disqualification is made mandatory. Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 232–233, 65 L.Ed. 481 (1921); Albert v. United States District Court for the Western District of Michigan, 283 F.2d 61 (CA6—1960), cert. den., 365 U.S. 828, 81 S.Ct. 713, 5 L.Ed.2d 706 (1961); United States v. Hanrahan, 248 F.Supp. 471 (D.C.D.C.—1965); United States v. Gilboy, 162 F.Supp. 384 (D.Pa.—1958). The test for disqualification against which the charging affidavit is to be measured is purely formal in nature. If the affidavit complies with the statutory standards set forth in Section 144, i. e., timeliness and sufficiency, then the judge against whom it is directed is obligated to recuse himself even though he may know for a certainty that the allegations of bias and prejudice made against him are false. Of course, conversely, if the statutory standards are not satisfied, then it is the duty of the judge to refuse to disqualify himself. Tynan v. United States, 126 U.S.App.D.C. 206, 376 F.2d 761 (1967), cert. den. 389 U.S. 845, 88 S.Ct. 95, 19 L.Ed.2d 111 (1967). An affidavit of bias or prejudice, to be sufficient, must identify and carefully delineate time, place, persons, occasions, and circumstances supporting the belief of bias or prejudice. United States v. Hanrahan, supra; Berger v. United States, supra; Johnson v. United States, 35 F.2d 355, 357 (W.D.Wash.—1929).

■ Allegation No. 3 now under consideration falls far short of the requirements stated above. This allegation merely says that "affiant has been advised" that the court "before and after his ascendency to the bench" made certain statements which lead the affiant to believe that he is biased. The defendant, as affiant, does not allege that he knows of his own knowledge that the alleged statements were made; or, that if made, they would require an inference of bias or prejudice. He states, in effect, that he does not know what,

exactly, the judge is supposed to have said but merely says that he "has been advised" that words "to the effect that said court would 'get Partin', or words to that effect," were spoken. He then says that this purely hearsay information must be taken as "clearly implying a bias and prejudice against affiant." Nowhere in the affidavit does the affiant delineate time, place, persons, occasions, circumstances, or even exact words or statements allegedly made by the judge whose recusal he seeks. A charging affidavit, in order to be legally sufficient, must detail specific facts which lead inescapably to the conclusion that the court is biased or prejudiced against a litigant or for his opponent. It is not sufficient to omit the specific facts and assert the conclusion, for the affidavit will not succeed if it is based on nothing more than conclusory allegations. Barkan v. United States, 362 F.2d 158 (CA7—1966), cert. den. 385 U.S. 882, 87 S.Ct. 170, 17 L.Ed.2d 109 (1966); Cf. Broome v. Simon, 255 F.Supp. 434, 438 (W.D.La.1965).

The criteria to be applied was succinctly stated in Johnson v. United States, 35 F.2d 355, 357, wherein the Court said:

"However false, there can be no denial, but the charge of personal bias or prejudice must be accepted as true. To avoid abuses, the law requires that the affidavit be of legal sufficiency. That is, that the charge be of *personal* bias or prejudice, that the facts and reasons for the charge be set out and give fair support to the accusation, and that upon its face the affidavit presents evidence of good faith. To that end mere rumors, gossip, general statements that affiant by some person is informed and believes that at some time, some place, some occasion, the judge expressed sentiments manifesting bias or prejudice, are not enough, but informant, and time, place, occasion of, and the judge's expressions, and that the bias or prejudice is *personal*, all must be be set out in the affidavit. This alone will enable the affidavit to bear on its face that evidence of good faith which is necessary before it can be held to be legally sufficient. See Berger v. United States, supra. Otherwise, the penalties of perjury and disbarment are no restraint on the litigant and counsel; for otherwise is not even a possibility of either being invoked, much less carried to successful conclusion, however false be affidavit and certificate. Here, affiants allege they have been informed and believe the writer made the statements by them counted upon. Who so informed them, when, where, and on what occasion were the statements made, are conspicuous by their absence. The affiants carefully refrain from any definite particular which might lead to detection and punishment. Moreover, the prejudice charged is not directly alleged to be that *personal*, which alone by the statute is declared to afford basis for disqualification."

A thorough analysis of defendant's allegation No. 3 leads to the inescapable conclusion that the affidavit falls far short of that required to result in the forced recusation of a judge. Where the affidavit is insufficient, the judge has an obligation to refuse to disqualify himself. Simmons v. United States, 302 F.2d 71, 75 (CA3—1962); In re Union Leader Corp., 292 F.2d 381, 391 (CA1 —1961). Such is the case here.

As evidenced by the fact that, as noted in allegation No. 5 of affiant's affidavit, this Court has, on prior occasions, recused itself on its own motion when it believed it proper to do so, this Court would again, if it felt that for any reason, apparent or otherwise, it could not accord the litigants before it a fair and impartial trial, recuse itself from this case. But such is not the case. The Court knows of no reason of any kind why it could not accord this defendant a fair and impartial trial in this case, and since it has determined, without question, that the affidavit filed by the defendant is insufficient to warrant recusation under Title 28, United States

Code, Section 144, this Court has a duty to refuse to recuse itself in this case.

Defendant's attorney, at the hearing on this motion, offered to present additional evidence by way of live testimony, and also requested that it be given the opportunity to present and file another supplemental affidavit. This request was denied. In passing upon a motion to recuse, based upon allegations of bias and prejudice, the Court is only required to inquire into the sufficiency and timeliness of the affidavit filed and "a party may file only one such affidavit in any case." Title 28, United States Code, Section 144.

Defendant filed his affidavit, and accepting it as true, it falls far short of constituting grounds for recusation. For these reasons, defendant's motion to recuse was denied, and an order was entered accordingly.