Wilbert BAYLOR, Appellant,

v.

UNITED STATES, Appellee.

No. 9415.

District of Columbia Court of Appeals.

Argued Feb. 4, 1976.

Decided July 9, 1976.

Paul G. Evans, Baltimore, Md., for appellant.

Robert E. Hauberg, Jr., Asst. U. S. Atty., Washington, D.C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, James F. McMullin, Stuart M. Gerson and David M. Bullock, Asst. U. S. Attys., Washington, D.C., were on the brief, for appellee.

Before KERN, GALLAGHER and MACK, Associate Judges.

PER CURIAM:

This is an appeal from a conviction, after a jury trial, of first-degree murder (D. C. Code 1973, § 22–2401) and carrying a pistol without a license (D.C. Code 1973, § 22–3204). After carefully examining the record, we find no error and conclude that appellant was fully accorded his substantive rights. One of the arguments presented merits some discussion, however. Specifically, appellant contends that bias on the part of the trial judge against defense counsel deprived him of a fair trial and effective assistance of counsel.[1]

The facts pertinent to this claim are as follows. Defense counsel was appointed after appellant's indictment for second-degree murder on August 14, 1974. Subsequently, the indictment was dismissed at the government's request, and on November 6, 1974, appellant was charged with first-degree murder in a superseding indictment. On November 27, 1974, at the first status hearing after reindictment, the trial judge informed defense counsel at a bench conference that he had not yet been reappointed following the second indictment and that the judge was of the opinion that he was not competent to try a first-degree murder case. Counsel then requested that the judge voice his objections in open court and give appellant the opportunity to decide who he wished to represent him. The judge complied, stating to appellant that based on his knowledge of present counsel from two previous trials, he thought it would not be in appellant's "best interest" to have the attorney represent him in a first-degree murder case. Appellant was given the choice of obtaining an attorney from the Public Defender Service or keeping his present attorney. He was

---

[1]. Other errors alleged by appellant include improper reindictment, denial of a speedy trial, improper imprisonment on parole detainer, dismissal of a fugitive detainer, refusal to reduce bail, improper in-court identification by a government witness, improperly restricted cross-examination, improper rebuttal argument, failure to give instructions on man-slaughter and self-defense, failure to provide a trial transcript for use in impeaching a witness, failure to submit the sentencing decision to a panel of judges, and refusal to include certain transcripts in the record on appeal. We conclude that appellant's contentions with respect to these matters are without merit.

also informed that if he chose the latter, he might have difficulty prevailing in a post-conviction motion based on ineffective assistance of counsel. Appellant elected to retain the same counsel, and immediately thereafter, an oral motion for recusal was made. Because the motion was not in compliance with the Superior Court Rules of Criminal Procedure,[2] the trial judge refused to entertain it.

On November 29, 1974, appellant filed a written motion for recusal pursuant to Super.Ct.Cr.R. 57(a) and Super.Ct.Civ. R. 63-I alleging the appearance of bias or prejudice against defense counsel. The facts alleged in support of the belief that bias might exist were: (1) counsel had sought and had been denied, in this court, three petitions for writ of mandamus in connection with the case; (2) the trial judge had granted certain government requests and motions and had denied or refused to consider certain defense motions, some of which were the subject of the mandamus actions; and (3) the judge had sought to appoint new counsel at the November 27th hearing. At a hearing on December 23, 1974, the judge orally denied the motion, refusing to disqualify himself primarily on the grounds that the facts alleged in the motion were legally insufficient to show bias or prejudice and that he had no personal bias against appellant. He also explained that he had sought to appoint a new attorney not because of any bias against defense counsel, but because he was of the opinion that counsel lacked sufficient experience to try the case.

■ At the outset, we reject appellant's contention that denial of the motion for recusal was improper.[3] Accepting the factual allegations in the motion as true, they were legally insufficient to warrant recusal. *See Berger v. United States,* 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921); *Tynan v. United States,* 126 U.S.App.D.C. 206, 376 F.2d 761, *cert. denied,* 389 U.S. 845, 88 S.Ct. 95, 19 L.Ed.2d 111 (1967). Rule 63-I provides for disqualification of a judge due to bias or prejudice against a "party"; appellant cites no cases, nor are we aware of any, in which bias against *counsel* mandated disqualification.[4] Moreover even assuming that bias against counsel is sufficient to require recusal, it is firmly established that bias must be personal, rather than judicial, and must have originated from sources outside of court proceedings in either the pending case or prior cases. *United States v. Grinnell Corp.,* 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed. 2d 778 (1966); *Tynan v. United States, supra; United States v. Mitchell,* 377 F.Supp. 1312 (D.D.C.), *aff'd sub nom. Mitchell v. Sirica,* 163 U.S.App.D.C. 373, 502 F.2d 375, *cert. denied,* 418 U.S. 955, 94 S.Ct. 3232, 41 L.Ed.2d 1177 (1974); *United States v. Partin,* 312 F.Supp. 1355 (E.D.La.1970). The rulings and judicial determinations of which appellant complains, including the attempted removal of counsel, are legally insufficient to support a motion for recusal. *See Tynan v. United States, supra; United States v. Mitchell, supra; United States v. Partin, supra.*

■ Although disqualification pursuant to appellant's motion was not required, there remains the question of whether any bias on the part of the trial judge against counsel impaired appellant's rights to a fair trial and effective assistance of counsel. The claim of bias is predicated in part on the trial court's effort to appoint a

2. Super.Ct.Civ.R. 63–I, made applicable by Super.Ct.Cr.R. 57(a), requires that a motion for disqualification based on bias or prejudice of the judge be supported by an affidavit stating facts and reasons for the belief that bias or prejudice exists.

3. We note, as did the trial court, that the affidavit accompanying the motion failed to cite facts supporting the claim of bias as required by Super.Ct.Civ.R. 63–I.

4. *Offutt v. United States,* 348 U.S. 11, 75 S. Ct. 11, 99 L.Ed. 11 (1954) and *Peckham v. United States,* 93 U.S.App.D.C. 136, 210 F. 2d 693 (1953), *cert. denied,* 350 U.S. 912, 76 S.Ct. 195, 100 L.Ed. 800 (1955), upon which appellant relies, are inapposite.

different attorney to the case. It is a trial judge's obligation to insure that the defendant either has effective assistance of counsel or has knowingly and intelligently waived his right to counsel. *McMann, Warden v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Glasser v. United States,* 315 U.S. 60, 71, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *Johnson v. Zerbst,* 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Lollar v. United States,* 126 U.S.App.D.C. 200, 376 F.2d 243 (1967); *Campbell v. United States,* 122 U.S.App.D.C. 143, 352 F.2d 359 (1965).[5] The judge in the instant case was attempting to fulfill that obligation by informing defense counsel and subsequently appellant, at the attorney's request, that he considered counsel too inexperienced to try a first-degree murder case. The accuracy of this assessment was, in fact, partially borne out by later events at trial.[6] We do not construe the judge's action as an indication of bias where it was his duty to form an opinion and act. *Cf. Bradley v. School Board of the City of Richmond,* 324 F. Supp. 439, 445 (E.D.Va.1971).

■ Appellant contends that bias is also demonstrated by various legal determinations adverse to the defense. The challenged rulings were legally correct and proper and do not in any way support an inference of bias against appellant or counsel. *See United States v. Mitchell, supra.* Furthermore, the record discloses no hostile or intemperate remarks by the judge,

but rather it shows a remarkable degree of patience and leniency in dealing with defense counsel. *Cf. Peckham v. United States,* 93 U.S.App.D.C. 136, 144–46, 210 F.2d 693, 701–03 (1953). Since we find no evidence of bias against counsel or appellant, we conclude that appellant's claims are without merit. *See United States v. Grinnell Corp., supra.*

*Affirmed.*

5. As the Supreme Court has stated, "if the right to counsel guaranteed by the Constitution is to serve its purpose, defendants cannot be left to the mercies of incompetent counsel, and . . . judges should strive to maintain proper standards of performance by attorneys who are representing defendants in criminal cases in their courts." *McMann, Warden v. Richardson, supra,* 397 U.S. at 771, 90 S.Ct. at 1449.

6. For example, counsel's inexperience was demonstrated at trial by his apparent lack of familiarity with such matters as the procedure for impeaching a witness with prior inconsistent statements, the process of qualify-

ing an expert witness, the admission exception to the hearsay rule, and the procedure for refreshing a witness' recollection. We note that counsel received considerable aid in these procedural matters from the trial court.

Because of the trial judge's initial concern, we have examined the record carefully and conclude that appellant received effective assistance of counsel, despite the defense attorney's apparent inexperience. Counsel vigorously defended his client throughout the trial, and although we question the wisdom of certain tactical decisions, we find no showing of prejudice to the accused. *See Thornton v. United States,* D.C.App., 357 A. 2d 429, 435 (1976).