John **WRIGHT**, a/k/a **John H. Wright**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 10287.

District of Columbia Court of Appeals.

Submitted Sept. 20, 1976.

Decided Oct. 21, 1976.

T. Paul Imse, Jr., Washington, D. C., appointed by the court, was on the brief for appellant.

Earl J. Silbert, U.S. Atty., Washington, D.C. with whom John A. Terry, William D. Pease, John W. Polk and William J. O'Malley, Jr., Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before NEBEKER and YEAGLEY, Associate Judges, and PAIR, Associate Judge, Retired.

PAIR, Associate Judge, Retired:

Found guilty of unauthorized use of a motor vehicle,[1] appellant was sentenced to imprisonment for a term of from one of three years. Execution of the sentence was suspended, and appellant was placed on probation for a period of three years.

On this appeal appellant's sole contention is that his conviction was the product of a trial violative of the double jeopardy provision of the Fifth Amendment.[2]

What appears from the record is that when the case was first called for trial and after the jury had been impaneled, the trial court declared a mistrial. The court was provoked to this action by (1) trial counsel's improper remarks to the jury during his opening statement, and (2) trial counsel's lack of preparation for trial. It was of particular concern to the court that counsel had not talked to appellant, had not interviewed a crucial and available witness, was unaware of possible inconsistent state-

---

1. D.C.Code 1973, § 22–2204.

2. U.S.Const. amend. V, provides: "[N]or shall any person be subject for the same of-

fence to be twice put in jeopardy of life or limb. . . ."

ments made by appellant at the time of his arrest, and had, in sum, made no preparation for trial. The court thereupon removed trial counsel from the case and declared a mistrial.

At the second trial which followed, appellant, represented by new counsel, first moved to dismiss urging that the retrial would put him in jeopardy a second time for the same offense. The motion was denied and the case proceeded to trial resulting in a verdict of guilty of unauthorized use of a motor vehicle.

■ It is undisputed that jeopardy attached when the first jury was impaneled. *United States v. Bristol,* D.C.App., 325 A. 2d 183 (1974). Accordingly, after the mistrial was declared without appellant's consent the double jeopardy provision of the Fifth Amendment would bar any further prosecution of him for the offense charged unless "there was a manifest necessity for the [mistrial], or the ends of public justice would otherwise be defeated." *United States v. Jorn,* 400 U.S. 470, 482, 91 S.Ct. 547, 555, 27 L.Ed.2d 543 (1971), quoting *United States v. Perez,* 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824).

The Supreme Court has declined to specify all the circumstances which would warrant the interruption of a trial. Thus, the trial judge is permitted to exercise his sound discretion in determining when "manifest necessity" requires a mistrial. *Gori v. United States,* 367 U.S. 364, 81 S. Ct. 1523, 6 L.Ed.2d 901 (1961). In *Illinois v. Somerville,* 410 U.S. 458, 465, 93 S.Ct. 1066, 1070, 35 L.Ed.2d 425 (1973), the Court said that "[a] trial judge properly exercises his discretion to declare a mistrial if an impartial verdict cannot be reached, or if a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error in the trial." In *Gori v. United States, supra,* 367 U.S. at 369, 81 S.Ct. at 1527, the Court said that it was unwilling

where it clearly appears that a mistrial has been granted in the sole interest of

the defendant, to hold that its necessary consequence is to bar all retrial.

■ In declaring a mistrial in the instant case, the trial judge exercised his discretion solely for the benefit of appellant. Thus, in our view, the judge in declaring a mistrial was merely discharging his obligation to ensure that appellant would have effective assistance of counsel. *Baylor v. United States,* D.C.App., 360 A.2d 42, 45 (1976).

Therefore, absent any showing of prosecutorial misconduct, we conclude that there was a manifest necessity for the declaration of a mistrial, and that appellant's retrial was not barred by the double jeopardy provision of the Fifth Amendment. *See United States v. Sedgwick,* D.C.App., 345 A.2d 465 (1975); *United States v. Bristol, supra.* The judgment of conviction is

*Affirmed.*