MR. JUSTICE WEBER
delivered the Opinion of the Court.
The State of Montana appeals an order granting dismissal of four criminal charges against the defendant in the Eighteenth Judicial District, Gallatin County. We reverse and remand for trial.
The issue is whether the District Court committed error by granting defendant’s motion to dismiss.
In May, 1986, Mr. Moran was charged with the crime of forgery by accountability or in the alternative, conspiracy to commit forgery. Later that month he was charged with two counts of witness tampering. The two cases were consolidated by the District Court, and trial began on September 22, 1986. The jury was empaneled and sworn on that day, and the prosecution presented six witnesses. This was defense counsel’s first felony criminal trial before a jury. On the morning of the second day of trial, before any more testimony was offered, the trial judge on his own motion declared a mistrial. The basis for this action was the court’s belief that defendant was being denied effective assistance of counsel and that manifest necessity required mistrial. The defense raised no objection to mistrial, although the State did object.
The court scheduled the matter for retrial in November, 1986. As the parties prepared for retrial, the original trial judge was substituted. The substitute judge then ordered briefs on the issue of retrial and double jeopardy, pursuant to defendant’s motion to dismiss. Subsequently, this substitute judge granted the motion.
Did the District Court commit error by granting defendant’s motion to dismiss?
We accord great deference to the trial judge’s findings and conclusions when the judge heard the witnesses and observed their demeanor. Similarly, we accord deference to the trial judge’s judgment *389 as to competence of counsel when the judge heard and observed his performance as criminal defense counsel, both in chambers and in the courtroom during voir dire and trial. The substitute judge likewise should accord deference to the original trial judge on these matters. The substitute judge in effect reversed the trial judge, having reviewed only seven pages of a trial transcript which when complete contains 221 pages of voir dire, testimony, and in-chambers discussions. For these reasons, the substitute judge’s order of dismissal will not receive the same deference as the action by the trial judge.
We now consider whether the trial judge abused his discretion in finding manifest necessity for mistrial. The trial judge’s action was motivated by his concern for defendant’s constitutional right to effective assistance of counsel. Because the decision to order mistrial was made to protect defendant’s constitutional interests, that decision will receive a high degree of deference on review. See United States v. Sanders (9th Cir. 1979), 591 F.2d 1293, 1297 (stating “A trial judge’s decision to declare a mistrial because of possible juror bias is also deserving of great deference.”); see also Wright v. United States (D.C. 1976), 365 A.2d 365. The defendant’s interest in effective assistance of counsel, however, must be considered in light of his Fifth Amendment right not to be placed twice in jeopardy. Jeopardy attaches when the jury is empaneled and sworn. State v. Carney (Mont. 1986), [219 Mont. 412,] 714 P.2d 532, 535, 43 St.Rep. 54, 58. In this case, jeopardy had attached. The constitutional protection against double jeopardy bars a second criminal trial “unless there was a ‘manifest necessity’ to terminate the trial or defendant acquiesced in the termination.” Carney, 714 P.2d at 535.
If the trial judge exercised sound discretion, if he acted rationally and responsibly, his order of mistrial will be affirmed. Arizona v. Washington (1978), 434 U.S. 497, 514, 98 S.Ct. 824, 54 L.Ed.2d 717. Upon review, “[t]he record must support the explicit or implicit finding of manifest necessity.” United States v. Jarvis (9th Cir. 1986), 792 F.2d 767, 769. Our review of the record convinces us that the trial judge acted responsibly, exercising sound discretion when he found manifest necessity for a mistrial.
The trial judge concluded that counsel was too inexperienced to defend a major felony charge involving conspiracy and accountability theories. One example was the failure of defense counsel to object to the admission of State’s exhibit 38 which was the foundation for an alleged admission or confession of the defendant. Exhibit 38 *390 was offered in evidence through a deputy sheriff. Exhibit 38 was a “rights” card, which contained a Miranda statement of the defendant’s right against self-incrimination and his right to assistance of counsel. This particular form provided a line for the defendant’s signature if he made a signed waiver. The defendant here had not signed that line. The form also provided a space where the deputy could write down the answer of the defendant when he was asked “Do you want to use any of these rights before we ask you questions?” The officer testified that he had not filled out that blank and that he could not explain why he had failed to get either the defendant’s signature for a written waiver or why he failed to record an oral waiver. Defense counsel did not make any objection at that point. Notwithstanding the absence of an objection, the trial court called counsel into chambers and afforded defense counsel an opportunity to object to the admission of evidence. The court inquired as to the testimony which was going to come in and was advised as to the nature of the confession type evidence. At that point, even though counsel for the defense had still failed to make any objection, the court refused the testimony on the grounds that the officer failed to properly obtain an oral waiver of rights.
The following day, before the commencement of trial, the court made the following ruling:
“Let the record show we’re outside the presence of the jury. After some agonizing thought on this matter, gentlemen — let the record show the Defendant is present, represented by [counsel]. Mr. Lambert is present. I am regretfully concluding that [defense counsel] does not have the sufficient experience to try this case, and that is no reflection on you .... I was in a similar situation when I was in your shoes, but the constitution requires that the Defendant be guaranteed effective assistance of counsel, and I’m going to conclude that he does not have that, and I’m going to grant on my own motion a mistrial and I’m going to -find that manifest necessity dictates that matter be retried and that the bars of double jeopardy do not prevent a retrial.”
Counsel for the defendant argues that the record reflects that the defendant voluntarily and intelligently waived his rights prior to the confession. They cite State v. Blakney (1982), 641 P.2d 1045, 197 Mont. 131, where this Court pointed out that the existence of a valid waiver depends in each case upon the particular facts and circumstances, including the background, experience and conduct of the accused and other appropriate considerations including the age, ed *391 ucation and intelligence of the accused and his capacity to understand the warnings and the consequences of waiving those rights. In addition this Court pointed out that a valid waiver must include an actual relinquishment of the benefits as evidenced by the actions or statements of the accused. The record contains substantial evidence to support the conclusion of the District Court that the State had failed to properly obtain an oral waiver of rights so that the defendant’s admission or confession was not admissible in evidence.
We conclude that the trial judge acted rationally, carefully considering the problems of the difficult situation with which he was confronted. There is substantial evidence from which to conclude that counsel’s performance had been ineffective. There is substantial evidence to support the conclusion that highly prejudicial evidence would have been admitted for the lack of a proper objection if the trial judge had not stepped in. We conclude that the trial court exercised sound discretion.
Because mistrial is an extreme remedy, a trial judge should carefully consider alternatives. No reasonable alternatives were suggested in this case. A continuance until a new defense counsel was familiarized with the case would have resulted in an unnecessary delay, Cautionary instructions would not have been adequate. No reasonable alternatives were presented.
Defense counsel argues that the trial court should have considered the tactics of counsel for the defendant. Having concluded that the failure to object to the rights card and the admission testimony was highly prejudicial to the defendant, there remains no question of trial tactics. Counsel failed to object to the admission of damaging evidence in the absence of a proper foundation. We conclude that the trial judge was in the best position to judge the performance of counsel and the effect of the evidence, and the record supports his judgment. By this opinion we do not intend a criticism of the defense counsel. The record demonstrates that he applied himself diligently in the performance of his duties, but that he had insufficient experience to recognize the extent of his duties.
The argument is made that we should apply the two-pronged Strickland test to the trial court’s determination. The second prong of that test requires the defendant to show that the deficient performance prejudiced the defense and that the errors were so serious as to deprive the defendant of a fair trial. That test was established for the review of actions taken in the course of a completed trial. There is no way of showing in the present case whether the conduct *392 deprived the defendant of a fair trial because a mistrial was declared. We conclude that the Strickland test is not applicable. As previously stated, we conclude that the standard upon review of a decision to order mistrial is whether the trial court exercised sound discretion.
We conclude that the trial judge exercised sound discretion when he found manifest necessity for mistrial. We also conclude that there was no basis for reversal by the subsequent trial judge who granted the dismissal of all charges against the defendant.
We reverse the order dismissing the charges on grounds of double jeopardy and remand the case for a new trial.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES HARRISON, GULBRANDSON and McDONOUGH concur.