**UNITED STATES of America,**
**Appellee,**

v.

**Carl R. ANDERSON, Appellant.**

**No. 19926.**

United States Court of Appeals,
Eighth Circuit.

Nov. 4, 1970.

Jerome Daly, Savage, Minn., for appellant.

Patrick J. Foley, Sp. Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before JOHNSEN, Senior Circuit Judge, VAN OOSTERHOUT and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

The appellant, Carl R. Anderson, was indicted by a federal grand jury on eleven counts of mail fraud under 18 U.S. C. § 1341 and twelve counts of securities fraud under 15 U.S.C. § 77q(a), the

charges arising from his involvement in the promotion and construction of the Ridge Lutheran Home. Following trial by jury before the United States District Court for the District of Minnesota, Fourth Division, he was found guilty and sentenced to five years' imprisonment and a $1,000 fine on Counts 1–11, and five years and $5,000 on Counts 12–23, the sentences to run consecutively.

The appellant urges five grounds for reversal: (1) that the Federal Rules of Criminal Procedure under which the trial court proceeded are unconstitutional; (2) that the court erred in ruling that the constitutionality of the Federal Reserve System was not available as a defense; (3) that the trial court erred in failing to recuse himself upon appellant's filing of an affidavit of prejudice pursuant to 28 U.S.C. § 144; (4) that the court erred in refusing to permit one Alfred M. Joyce to participate in the trial on behalf of the appellant; and (5) that the evidence was insufficient to sustain the conviction. We affirm.

■ The appellant's first two allegations may be disposed of summarily. The appellant argues that the rules of the District Court, one of which allows the court to conduct the voir dire of the jury to the exclusion of counsel, are unconstitutional. This Court long ago determined that the rule-making power of the federal courts is properly delegable by the Congress, Gallagher v. United States, 82 F.2d 721 (8th Cir. 1936). Congress has granted to the Supreme Court and the District Courts power to prescribe rules for the conduct of their business.

28 U.S.C. § 2071. Rule 24(a) of the Federal Rules of Criminal Procedure, 18 U.S.C., gives to the court discretion to conduct voir dire of the jury. This specific rule was held constitutional by the Court of Appeals for the Fourth Circuit in United States v. Duke, 409 F.2d 669 (4th Cir. 1969), cert. denied, 397 U.S. 1062, 90 S.Ct. 1497, 25 L.Ed.2d 683 (1970). Pursuant to 28 U.S.C. § 2071, and Rule 57(a), 18 U.S.C.,[1] Rule 6, subd. C of the Local Rules of the United States District Court for the District of Minnesota prescribes that voir dire examination shall be conducted by the court, with the opportunity for counsel to submit questions to be propounded to the jury.[2] The trial court here asked the jury all questions requested by the appellant. We hold that the rules complained of are constitutional and that the appellant's appeal on this basis must, therefore, fail.

■ Similarly, the constitutionality of the Federal Reserve System has been previously sustained. The appellant's argument is that the Federal Reserve notes transferred to the appellant as part of his scheme had no value, because of the unconstitutionality of the Federal Reserve System, and that the appellant could not have been convicted because fraud requires that the victim part with something of value. This argument is without merit. Horne v. Federal Reserve Bank of Minneapolis, 344 F.2d 725 (8th Cir. 1965).[3]

The appellant's third ground alleges error in the failure of the trial judge to recuse himself. The appellant filed two affidavits of prejudice against the

1. Rule 57(a), 18 U.S.C., merely provides that rules made by the District Courts shall not be inconsistent with the Federal Rules of Criminal Procedure.

2. The practice under the District Court's rule is preferred to that in which the attorneys conduct the voir dire examination. See, Judicial Conference of the United States, Report of the Committee on the Operation of the Jury System, October, 1970; American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Trial by Jury, Approved Draft, 1968.

3. This is but one of a series of cases in which the appellant's attorney has attempted to litigate the constitutionality of the Federal Reserve System. None of these suits has been successful. See, Koll v. Wayzata State Bank, 397 F.2d 124 (8th Cir. 1968); Joyce v. Northwestern State Bank of Appleton, No. 3–68 Civ. 32 (D.Minn.1968); Zurn v. Federal Reserve Bank, No. 4–66 Civ. 399 (D.Minn. 1967); Wildanger v. Federal Reserve Bank, No. 4–66 Civ. 83 (D.Minn.1966).

presiding judge. The first affidavit stated in part:

"* * * That [Anderson] has good reason to believe, does believe and so states thatb (sic) because of Bias and Prejudice on the part of Miles Lord, one of the Judges of the above named Court a fair trial or hearing of any kind cannot result with said Judge presiding.

"That Anderson has had the opportunity to observe the attitude, manner and demeanor of Mr. Lord and have (sic) heard his statements in derrogation (sic) of the Constitution of the United States and in defiance of the Government thereof, and in defiance of the sovereignty of the People of the United States, and Anderson is satisfied beyond any doubt that Mr. Lord has a deep, abiding and lasting prejudice against the Constitution of the United States and a bias in favor of those subversives advocating the overthrow of the Constitutions of the United States and of the State of Minnesota. That in chambers at a so called Pre-trial of his Indictment Mr. Lord made the statement that if Anderson continued in his insistance (sic) upon the position that he has taken in his application for Writ of Prohibition now before the U. S. Supreme Court that he not only would probably be convicted but that he would instruct the Jury that Anderson had put up no defense, when at no time the Law requires Anderson to do so."

The writ of prohibition referred to was filed in the United States Supreme Court against all of the judges of the United States District Court, District of Minnesota, to restrain the judges from proceeding under the indictment in this case on the theory that the Federal Rules of Criminal Procedure are unconstitutional and also on the theory that the Federal Reserve System is unconstitutional.

 The second affidavit, charging that the District Court was part of a political conspiracy to aid a member of a Minneapolis law firm to steal the property involved in the Ridge Lutheran Home project for himself and the "so-called Lutheran Church-Missouri Synod", was totally without factual support and, thus, did not meet the requirement of 28 U.S.C. § 144 that "[t]he affidavit shall state the facts and the reasons for the belief that bias or prejudice exists * * *." Even if the second affidavit had stated sufficient facts, however, the trial court would properly have refused to recuse himself since the statute permits the filing of only one affidavit in any case. United States v. Hoffa, 382 F.2d 856 (6th Cir. 1967), cert. denied, 390 U.S. 924, 88 S.Ct. 854, 19 L.Ed.2d 984 (1968).

 In order to determine whether the court erred in failing to recuse himself under the first affidavit, its sufficiency must be tested. 28 U.S.C. § 144 states in part:

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

"The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. * * *"

An affidavit must strictly comply with all of the statutory requirements before it will effectively disqualify a judge. Brotherhood of Loc. Fire. & Eng. v. Bangor & Aroostook R. Co., 127 U.S.App. D.C. 23, 380 F.2d 570, cert. denied, 389 U.S. 970, 88 S.Ct. 463, 19 L.Ed.2d 461 (1967). See also, Scott v. Beams, 122 F.2d 777 (10th Cir. 1941), cert. denied, 315 U.S. 809, 62 S.Ct. 794, 86 L.Ed. 1208 (1942); United States v. Hanrahan, 248 F.Supp. 471 (D.D.C.1965).

■ Measured against the statutory requirements, we find the affidavit insufficient. First, the major thrust of the affidavit is that the trial court showed bias in its ruling on the constitutionality of the Federal Reserve System. The law is that a court's ruling on a question of law does not show the personal bias required for disqualification. Knoll v. Socony Mobil Oil Company, 369 F.2d 425 (10th Cir. 1966), cert. denied, 386 U.S. 977, 87 S.Ct. 1173, 18 L.Ed.2d 138, reh. denied, 386 U.S. 1043, 87 S.Ct. 1490, 18 L.Ed.2d 618 (1967); Riojas v. Turner, 304 F.Supp. 559 (D.Utah 1969). Second, the affidavit sets out conclusory allegations that the trial judge has a "deep, abiding and lasting prejudice against the Constitution of the United States and a bias in favor of those subversives advocating the overthrow of the Constitutions of the United States and of the State of Minnesota." Such allegations clearly do not meet the requirement that the affidavit "allege specific facts and not mere conclusions or generalities." Brotherhood of Loc. Fire. & Eng. v. Bangor & Aroostook R. Co., *supra*. Third, the affidavit is deficient in its reliance, for a showing of prejudice, upon an incident which occurred at a pretrial conference after the case had been assigned. Allegedly, the presiding judge made comments showing bias. This incident cannot be a basis for disqualification. The court's demeanor and rulings in earlier phases of the same case may provide a basis for a claim of error, but they do not provide a basis for disqualification. Botts v. United States, 413 F.2d 41 (9th Cir. 1969). Bias and prejudice must stem from some extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from his participation in the case. United States v. Grinnell Corp., 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966).

■ We hold, therefore, that the affidavit was fatally defective. When an affidavit does not meet the requirements imposed by law, the judge has an obligation not to disqualify himself. United States v. Tropiano, 418 F.2d 1069 (2nd Cir. 1969), cert. denied, 397 U.S. 1021, 90 S.Ct. 1262, 25 L.Ed.2d 530 (1970); United States v. Hoffa, *supra*. Thus, the trial judge's retention of the case was not error.

■ The appellant also alleges that the court below committed error in not permitting Alfred M. Joyce to participate in the trial. Joyce had been disbarred by the Minnesota Supreme Court in 1954. In re Joyce, 242 Minn. 427, 65 N.W.2d 581, cert. denied, Joyce v. Dell, 348 U.S. 883, 75 S.Ct. 124, 99 L.Ed. 694 (1954). The record is in conflict on the question whether Joyce was disbarred from practicing in Federal District Court. But we need not decide whether Joyce was authorized to practice law in the Federal District Court since we agree with the government that Joyce never made a serious effort at representing the appellant. Joyce's attempts at representation were three. In September, 1968, a power of attorney, naming Joyce as attorney at law and in fact, was filed by the appellant. The appellant had been represented by another attorney, Jerome Daly, since indictment and it was clear that Daly was to be retained as primary counsel. After the power of attorney was filed, Joyce made no appearances until April 7, 1969, when he appeared at pretrial proceedings in the spectators' section. At that time, while Daly, the appellant's attorney of record, was engaged in discussion with Joyce, the trial court instructed the two that they were to have no further conversations in the courtroom and that Joyce was not a member of the bar of that court. Joyce made no further attempt to appear personally on behalf of the appellant nor did he file a formal challenge to the court's ruling.

The last "appearance" occurred later in April when Joyce sent a letter to the United States District Attorney personally attacking him. It closed with the following paragraph:

"Be so right and just as to formulize (sic) our situation, by filing a motion

for trial or dismissal. I will be content to sit beyond the rail with a walkie-talkie and watch the performance."

Without discussing our own evaluation of the seriousness of Joyce's attempts at an advocacy role, we note that the appellant was adequately represented by Mr. Daly and that he expressed his satisfaction with that representation on several occasions. The appellant indicated, before closing argument, that he believed he had received a fair trial.

Even if we assume *arguendo* that the court erred in not permitting Joyce to act as co-counsel, there is no showing that the appellant was prejudiced thereby.

Finally, the appellant contends that the evidence was insufficient to sustain the verdict. We have examined the voluminous record and we conclude that the evidence is ample to sustain the appellant's conviction. Without reciting specific items of the government's proof, we note that there was sufficient evidence showing a violation of 18 U.S.C. § 1341, the mail fraud section. Innumerable exhibits were introduced which tended to prove that the appellant had used the mails as a means of transmitting fraudulent and misleading information about the project he was engaged in, with the intent to induce the purchase of Ridge Lutheran Home bonds.

There was also sufficient evidence to sustain the conviction under the securities fraud section, 15 U.S.C. § 77q(a). Merely as an example, the evidence included a letter to a prospective bond purchaser, signed by the appellant, which induced a belief in the following statements, all of which were untrue:

(1) that Ridge Lutheran Home was directly connected with the Lutheran Church;

(2) that Ridge Lutheran Home was part of a planned community development and as such would be partially financed by federal funds;

(3) that an independent depository and paying agent would be maintained to assure the soundness of the investment.

On the basis of all the evidence, we conclude that the trial court was correct in denying the appellant's motion for a judgment of acquittal.

The appellant's conviction is, therefore, affirmed.