**UNITED STATES of America**

v.

**Enrique Llaca ORBIZ.**

**Cr. No. 142–70.**

United States District Court,
D. Puerto Rico.

Nov. 27, 1973.

See also D.C., 366 F.Supp. 624.

Juan M. Pérez-Giménez, Asst. U. S. Atty., San Juan, P. R., for plaintiff.

Enrique Llaca Orbiz, pro se.

## ORDER

PESQUERA, District Judge.

A defendant is entitled to the cold neutrality of an impartial judge and the law intends that no judge shall preside in a case in which he is not wholly free, disinterested, impartial and independent. To this end, it is provided by Title 28 U.S.C., Section 144, that whenever a party to any proceeding in a Federal District Court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, stating the facts and reasons for the belief that bias or prejudice exists, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Pursuant to the above statutory provisions, defendant has filed an Affidavit of Prejudice against the subscribing judge charging him with personal bias and prejudice.

It is well established that when presented with an affidavit of prejudice, the judge may not pass upon the truth or falsity of the allegations contained therein but must accept them as true for the purposes of passing upon the legal sufficiency of the affidavit. Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481. If the statutory standards are met, the judge must recuse himself, even if the allegations are known by the judge to be false. Morse v. Lewis, 4 Cir., 54 F.2d 1027. On the other hand, if the statutory requirements are not met, it is the duty of the judge to refuse to disqualify himself. Simmons v. United States, 3 Cir., 302 F.2d 71.

Applying these standards to the specific provisions of the quoted statute, it has been decided that the basis for disqualification must be *personal* bias or prejudice which precludes the judge from impartially exercising his judicial responsibilities in a particular case; and that a distinction is to be drawn between attitudes and conceptions based on proceedings had before the court and those based in sources beyond the four corners of the courtroom. In re Federal Facilities Realty Trust Co., D.C., 140 F. Supp. 522.

Each of the allegations made in defendant's affidavit of prejudice as the basis for his demand that this judge recuse himself is related to some actions taken or statements made during the course of judicial proceedings.

The subscribing judge denies that he now holds, or has ever had any bias or prejudice toward defendant. Further, the subscribing judge denies that any of his statements or rulings in the instant case have been in any way improper or that he has determined to act in any manner prejudicial to defendant. The statements, singled out by defendant, cannot be interpreted as sug-

gested by him. The whole transcript must be read to gain the correct intention of the manifestations made by this judge. It appears that when the court stated that defendant had rejected the "invitation" that the court made him to accept Mr. Calderón as his attorney, the court was referring to his failure to put Mr. Calderón in a position to defend him.

"THE COURT: No, what you are saying is that you want to be relieved because you have not been put in a position by the defendant—

MR. CALDERON: Right.

THE COURT: To defend him properly.

MR. CALDERON: That is correct, Your Honor."

(Page 9, lines 10 to 15, Transcript of Proceedings held on October 29, 1973).

Throughout the proceedings held in this case, the subscribing judge has gained the impression that Mr. Llaca Orbiz, the defendant in this action, does not want to be tried. The last continuances the trial of this case has suffered have been due to defendant's technique, already called to his attention of filing motions just before trial. (See page 38, line 22 to page 39, line 1). Furthermore, this court's intention to have the defendant represented by counsel and the statement quoted by him from the Transcript of Proceedings held on October 29, 1973, page 42, lines 3 and 4, cannot be interpreted as offensive to defendant's political extraction or his national origin. The statement was made when his assigned counsel showed concern as to how to proceed in case the defendant would, as he should, retain his own counsel. The court stated that if that was the situation, defendant should subscribe a document releasing assigned counsel. The Assistant U.S. Attorney suggested that defendant's counsel from Miami, Florida could come to Puerto Rico to try defendant's case and the court replied with an expression of willingness to go as far as having defendant represented by a Russian attorney just so that he would be assisted by counsel.

Special consideration must be given to the quoted manifestations from the hearing held on November 9, 1973 in which the court wanted to make it very clear for the record that at the time Mr. Calderón was assigned as defendant's counsel, neither Mr. Calderón nor the court had any suspicion whatsoever that Mr. Calderón could have had a conflict of interest as it was implied by the defendant in his motion filed on November 6, 1973 and in which he stated that Mr. Calderón could not have possibly accepted, under any conceivable circumstance, to represent or assist him at trial because there existed a clear and definite conflict of interests as a result of the historical relations between Banco Popular de Puerto Rico and Great American Insurance Company which was a matter of common knowledge in the financial, insurance and legal communities of this district.

██ The review we have made of the factual basis for charges of prejudice shows that only manifestations made in open court are alleged for such a charge. The Supreme Court has construed the statutory provisions of 28 U.S.C. § 144 as establishing that "the alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." United States v. Grinnell Corp., 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed.2d 778. It is clear that the asserted bias of this judge did not originate in any extrajudicial source. Our review also shows that any conclusion arrived at by this judge, such as that defendant does not want to come up for trial, even if erroneous, does not establish the alleged prejudice or bias. It is the duty of a judge to arrive at conclusions from manifestations, writings and all other evidence presented in the course of judicial proceedings before him. Critical statements and comments of a judge directed against a moving party, or his counsel

or witnesses in the course of proceedings, have been held insufficient to establish disqualifying personal bias or prejudice on the judge's part, whether discreet or indiscreet. United States v. Valenti, D.C., 120 F.Supp. 80.

A judge owes it to his oath of office and to the litigants who are subject to the jurisdiction of the court over which he regularly presides, not to withdraw from a case, however much his personal feelings may incline him to do so. Benedict v. Seiberling, 6 Cir., 17 F. 2d 831. If the affidavit is legally insufficient, the judge should refuse to disqualify himself, or because the litigant prefers some other judge, and should not abandon the position assigned to him by the sovereign unless required so to do by the law, particularly in criminal cases. United States v. Pendergast, D.C., 34 F. Supp. 269. It is the duty of the judge not to permit the use of an affidavit of prejudice as a means to accomplish delay and otherwise embarrass the administration of justice. United States v. Murphy, D.C., 19 F.Supp. 987.

The court finds that the Affidavit of Prejudice filed by the defendant is not sufficient as a matter of law and hereby orders the same be stricken from the file.

It is so ordered.