KLIEBERT, Judge.
On December 26, 1979, plaintiffs, Richardson’s Funeral Home of Jefferson, Inc. (hereafter Richardson), and Winnfield Funeral Home of Jefferson, Inc. (hereafter Winnfield), brought this action to enjoin and prohibit James Dulaney (hereafter Du-laney), from entering the grounds and buildings bearing Municipal No. 11112 Jefferson Highway or in any way threatening any agents or employees of the petitioners. At the time the petition was filed, a temporary restraining order was issued.
At the hearing for a preliminary injunction, plaintiffs filed in evidence a notarial act showing that on December 18, 1979 Winnfield conveyed to Richardson the land and buildings situated at 11112 Jefferson Highway. Testimony was introduced showing Dulaney, a terminated employee of Winnfield, had refused to permit employees and agents of Richardson on the premises and after entry was gained with the assistance of Winnfield and local law enforcement officers, Dulaney returned to the premises and repeatedly threatened and harassed the employees and agents of both petitioners.
Although denying he threatened or harassed petitioners’ employees, Dulaney did not make any serious effort to contradict the testimony submitted by petitioners as to his actions. Instead, he claimed to be the legal owner of a business known as “Winn-field Funeral Home” operating from the premises bearing Municipal No. 11112 Jefferson Highway as well as the owner of the contents, furniture, fixtures, supplies, inventory, etc. located on the premises.[1] Upon termination of the hearing on the preliminary injunction, the trial judge, finding plaintiffs had made a prima facie case, ordered issuance of the preliminary injunction. Additionally, he ordered the petitioners to abide with a subpoena duces tecum and deliver at the hearing for the permanent injunction extensive corporate and financial records.
*1297 Following the hearing for the permanent injunction, the trial court made the following factual findings. The owner of the land and buildings bearing Municipal Number 11112 Jefferson Highway is Richardson. Dulaney was neither a stockholder, officer, agent nor director of Winnfield and never had authority to operate a funeral home from the premises. Additionally, Dulaney was a terminated employee of Winnfield Life Insurance Company, Inc. and as such had no authority to continue representing himself as owner, director, agent, and/or employee of the Winnfield Life Insurance Company, Inc. Accordingly, the trial judge ordered the issuance of the permanent injunction forever enjoining, restraining and prohibiting the defendant, James H. Dula-ney from entering on the grounds or in the buildings located at 11112 Jefferson Highway, River Ridge, La., and/or in any way harassing, threatening or harming any agents or employees of plaintiffs and/or impeding or obstructing the business operations conducted on the premises.
The defendant appealed contending the trial court erred in holding Winnfield was the former owner and had in fact conveyed the land and buildings to Richardson and in finding Dulaney had no interest in Winn-field Funeral Home of Jefferson, Inc. and, hence, was without authority to operate a funeral home on the premises.
The defendant does not claim ownership of the land and building; nor a stock ownership interest in Winnfield Funeral Home of Jefferson Parish, Inc. (the former owner), or Richardson’s Funeral Home of Jefferson Parish, Inc. (the present owner). Instead, he claims an interest in the property based on an alleged promise by Ben Johnson to transfer the property to him when his monthly insurance debit reached $50,-000.00. Additionally, he argues that the funeral business conducted from the premises were conducted by him as the proprietor under the name “Winnfield Funeral Home”. Nowhere does Dulaney show what authority he had to occupy the premises for the purpose of conducting a funeral business. He had neither an interest in the property nor an interest in the corporations which owned the property; nor was he a tenant or lessee of the owner. The only relationship he could show was that of an employee of Winnfield Life Insurance Company, Inc. and that relationship had been terminated at the time this suit was instituted. Even if, as contended by the defendant, he was an officer or employee of Winnfield Funeral Home of Jefferson Parish, Inc., the relationship alone would not establish authority for him to conduct a funeral business on the premises for his own account. To the contrary, the evidence shows rather conclusively that Winnfield Funeral Home of Jefferson Parish, Inc. had repeated difficulties with regulatory authority because of Dulaney’s efforts to act as a funeral director or embalmer when he was not licensed to do so in Louisiana.
Based on an allegation of fraud, the trial court permitted the defendant to attack the credit sale by Winnfield to Richardson by parol evidence and after listening to the evidence concluded the defendant’s attack was without merit. Even if it had been proven, the alleged oral contract to sell the property to Dulaney would not be enforceable because under our firmly settled and rigidly enforced jurisprudence, pa-rol evidence cannot be used to establish an ownership interest in immovable property where such interest has been denied. Little v. Haik, 246 La. 121, 163 So.2d 558 (1964); Cookmeyer v. Cookmeyer, 274 So.2d 739 (4th Cir. 1973).
The petitioner, Richardson, established that they were being disturbed in the possession and enjoyment of their property and hence entitled to injunctive relief to protect ownership, possession and enjoyment of their property. LSA-CCP Art. 3663. Moorhead v. State Department of Highways, 322 So.2d 330 (2nd Cir. 1975). There is no merit to the defendant’s contention that this is a suit by one out of possession to evict one in possession. Dulaney had no color of or claim to title and whatever possession or occupancy he had on the property was that of an employee of a corporate tenant. Accordingly, the trial *1298 court judgment is affirmed. Defendant to pay all costs.
AFFIRMED.

. During the course of assisting the petitioners in gaining entry and possession of the premises, enforcement officers charged Dulaney with attempted theft of caskets found on the premises.