**Allen H. DANIELSON, Jr., Trustee of the Estate of James H. Dulaney**

v.

**WINNFIELD FUNERAL HOME OF JEFFERSON, INC., et al.**

**Civ. A. No. 80–815.**

United States District Court, E.D. Louisiana.

April 16, 1986.

Samuel Ethridge, New Orleans, La., for Dulaney.

A.W. Wambsgans, Metairie, La., for Anthony Soto, et al.

Camille Gravel, Jr., Anna Dow and Susan Theisin, Alexandria, La., for Winnfield Funeral Home of Jefferson, Inc., et al.

## MEMORANDUM AND ORDER

SEAR, District Judge.

### Plaintiff Claims

Plaintiff James H. Dulaney brought this action under the Court's special federal question jurisdiction. He alleged two separate causes of action under the Civil Rights statutes.

First, he alleged that certain private defendants, all but one of whom are black citizens or corporations owned by black citizens, conspired with Jefferson Parish Sheriff Deputies to deprive him of personal property which he alleged he owned and was located in or on the premises 11112

Jefferson Highway in Jefferson Parish, Louisiana. He claims that the private defendants conspired with the sheriff's deputies who, acting under color of state law, subjected him to the deprivation of rights and privileges protected by the Constitution and laws of the United States, namely, the right not to be deprived of his property without due process of law in violation of Title 42 U.S.C. § 1983.

Second, plaintiff alleged a conspiracy to deprive him of equal protection of the laws in violation of Title 42 U.S.C. § 1985(3).

Following eight days of trial before a jury the plaintiff rested his case on the liability issues. On motion of defendants, I directed a verdict against the plaintiff and in favor of the defendants, dismissing plaintiff's claims at his costs. I found that plaintiff's claims under both §§ 1983 and 1985(3) were "frivolous, unreasonable and groundless." Plaintiff appealed to the Fifth Circuit Court of Appeals which, without oral argument, affirmed, 751 F.2d 1257, without written opinion, my order directing the verdict.

### The Motions

Defendants now seek to recover court costs and attorneys' fees from the plaintiff pursuant to 42 U.S.C. § 1988 and from plaintiff's counsel in accordance with 28 U.S.C. § 1927.

Prior to the hearing on defendants' motion, plaintiff filed a motion to recuse me from the hearing because, he alleged, I had a personal bias and prejudice against him. Plaintiff and his attorney both filed affidavits setting forth events that occurred during the pre-trial and trial which, they contend, established my prejudice against the plaintiff.

### Merits Of Motion to Recuse

For the purpose of this motion to recuse, I must accept the facts alleged in plaintiff and his counsel's affidavits as absolutely true.[1] And it is from these facts that plaintiff argues that I am personally

1. *United States v. Ritter,* 10 Cir.1976, 540 F.2d 459, 462, cert. denied 429 U.S. 951, 97 S.Ct. 370, 50 L.Ed.2d 319; *United States v. Dodge,* 8 Cir. 1976, 538 F.2d 770, 781; *United States v. Dansk-* er, 3 Cir.1976, 537 F.2d 40, 53, cert. denied 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748; *United States v. Sciuto,* 7 Cir.1976, 531 F.2d 842, 845; *Parrish v. Board of Commissioners of Alabama*

biased against him and must recuse myself from further proceedings in this case. However, I find that plaintiff has not met his statutory burden on this issue and that his motion must therefore be denied.

The pertinent statutes here are 28 U.S.C. §§ 144 and 455(a).[2] Section 144 provides the legal procedure to be followed in requesting the recusal of a presiding judge, while Section 455 provides the legal standard against which such a motion is to be measured.[3]

▇▇▇▇ The mere filing of a motion and affidavit under these statutes does not mean that the judge must recuse himself.[4] A motion to recuse must be strictly construed for form, timeliness, and sufficiency in order to guard against the danger of frivolous attacks on the orderly process of justice.[5] The determination of the legal sufficiency of the affidavit is a matter addressed to the sound discretion of the trial court.[6]

2. *State Bar*, 5 Cir.1975, 524 F.2d 98, 100, on remand 533 F.2d 942, cert. denied 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188; *Davis v. Board of School Commissioners*, 5 Cir.1975, 517 F.2d 1044, 1051, cert. denied 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188; *United States v. Roca-Alvarez*, 5 Cir.1971, 451 F.2d 843, 847–48, rehearing granted 474 F.2d 1274; *United States v. Moore*, S.D.W.Va.1976, 405 F.Supp. 771, 772; *United States v. Garrison*, E.D.La.1972, 340 F.Supp. 952, 1355, 1357; *Morrison v. United States*, N.D.Tex.1969, 321 F.Supp. 286, 287–88. This is so, even when the judge has personal knowledge to the contrary. *Mims v. Shapp*, 3 Cir.1976, 541 F.2d 415, 417.

However, the judge need not, and should not, accept as true any conclusory allegations. *United States v. Bennett*, 10 Cir.1976, 539 F.2d 45, 51, cert. denied 429 U.S. 925, 97 S.Ct. 327, 50 L.Ed.2d 293; *Wounded Knee Legal Defense/Offense Committee v. Federal Bureau of Investigation*, 8 Cir.1974, 507 F.2d 1281, 1285; *United States v. Anderson*, 8 Cir.1970, 433 F.2d 856, 860; *Action Realty Co. v. Will*, 7 Cir.1970, 427 F.2d 843, 844; *Harley v. Oliver*, W.D.Ark.1975, 400 F.Supp. 105, 110, aff'd 8 Cir.1976, 539 F.2d 1143; *Bumpus v. Uniroyal, Inc.*, E.D.Pa.1974, 385 F.Supp. 711, 713; *United States v. Partin*, E.D.La.1970, 312 F.Supp. 1355, 1360; *Morrison v. United States*, N.D.Tex.1969, 321 F.Supp. 286, 288, aff'd 5 Cir. 432 F.2d 1227, cert. denied, 401 U.S. 945, 91 S.Ct. 959, 28 L.Ed.2d 227.

2. 28 U.S.C. § 144 reads:
Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term (session) at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. Section 455(a) reads:
Any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

3. The present Section 455 is a substantially expanded version of its predecessor. The 1974 amendment of that section, according to the Fifth Circuit
... was designed to substitute the reasonable factual basis-reasonable man test in determining disqualification for the subjective "in the opinion of the judge" test in use prior to the amendment. (Citation omitted.)
*Davis v. Board of School Commissioners*, 5 Cir. 1975, 517 F.2d 1044, 1052, cert. denied 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188. In all other aspects, the prior jurisprudence on Section 455 remains applicable. *Id.*
See also Martin, *Disqualification of Federal Judges For Bias Under 28 U.S.C. Section 144 and Revised Section 455.* 45 Fordham L.Rev. 139, 146–48 (1976).

4. *Samuel v. University of Pittsburgh*, W.D.Pa. 1975, 395 F.Supp. 1275, 1277, vacated on other grounds, 3 Cir.1976, 538 F.2d 991; *United States v. Nehas*, W.D.Pa.1973, 368 F.Supp. 435, 437.

5. *United States v. Womack*, 5 Cir.1972, 454 F.2d 1337, 1341, cert. denied, 414 U.S. 1025, 94 S.Ct. 450, 38 L.Ed.2d 316; *United States v. Moore*, S.D.W.Va.1976, 405 F.Supp. 771, 772; *United States v. Hall*, W.D.Okla.1975, 424 F.Supp. 508, 534, aff'd 10 Cir., 536 F.2d 313; *Samuel v. University of Pittsburgh*, W.D.Pa.1975, 395 F.Supp. 1275, 1277–78, vacated on other grounds, 3 Cir. 1976, 538 F.2d 991; *Town of East Haven v. Eastern Airlines*, D.Conn.1969, 304 F.Supp. 1223, 1225.

6. *United States v. Harrelson*, 5 Cir.1985, 754 F.2d 1153, 1165; *Davis v. Board of School Commissioners*, 5 Cir.1975, 517 F.2d 1044, 1052, cert.

My examination of plaintiff's motion reveals that he has not followed the statutory formalities.[7]

To be timely, a motion to recuse must be filed as soon as practicable after discovery of the allegedly disqualifying facts.[8] The motion here was filed more than four and one-half months after defendants' motion for attorneys' fees was filed and was based upon events which occurred more than a year before that. I find, therefore, that the plaintiff has not complied with the timeliness requirement.

The final issue for determination is whether plaintiff and his counsel's affidavits are legally sufficient. I do not believe that they are.

An analysis of the sufficiency of the affidavit must begin from the proposition that the trial judge is presumed to be impartial and to have sufficient integrity to conduct an error free trial.[9] Therefore, the burden upon the mover to show that the facts are otherwise is "substantial." [10] The affidavit must identify and carefully delineate the time, place, persons, occasions and circumstances supporting the mover's belief of bias or prejudice.[11] The bias to be demonstrated must be personal bias against the moving party, as opposed to judicial bias,[12] and the bias must be extra-

---

denied, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188.

7. The procedural formalities of a motion to recuse must be precisely complied with. *United States v. Anderson,* 8 Cir.1970, 433 F.2d 856, 859; *Euge v. Trantina,* E.D.Mo.1969, 298 F.Supp. 876. Examples of fatal formal defects are found in the following cases: *United States v. Anderson,* 8 Cir.1970, 433 F.2d 856, 859 (more than one affidavit filed); *Giebe v. Pence,* 9 Cir.Hawaii 1970, 431 F.2d 942, 943 (factual affidavit filed by counsel, but not by party); *Hirschkop v. Virginia State Bar Association,* E.D.Va.1975, 406 F.Supp. 721, 724 (affidavit not accompanied by counsel's certificate of good faith); *Duplan Corp. v. Deering Milliken, Inc.,* D.S.C.1975, 400 F.Supp. 497, 507–08, aff'd 4 Cir., 522 F.2d 809 (certificate of good faith signed by attorney not a member of the bar of forum state); *United States v. Thomas,* E.D.Mo.1968, 299 F.Supp. 494, 500 (more than one affidavit filed, no accompanying certificate of good faith).

8. *Marcus v. Director, Office of Workers' Compensation Program, U.S. Dept. of Labor,* D.C.Cir. 1976, 548 F.2d 1044, 1051; *Duplan Corp. v. Deering Milliken, Inc.,* D.S.C.1975, 400 F.Supp. 497, 508–10, aff'd 4 Cir., 522 F.2d 809.

9. *United States v. Hall,* W.D.Okla.1975, 424 F.Supp. 508, 534, aff'd 10 Cir., 536 F.2d 313; *United States v. Civella,* W.D.Mo.1975, 416 F.Supp. 676, 682; *Duplan Corp. v. Deering Milliken, Inc.,* D.S.C.1975, 400 F.Supp. 497, 515, aff'd 4 Cir., 522 F.2d 809; *United States v. Mitchell,* D.D.C.1974, 377 F.Supp. 1312, 1316, petit. for mandamus denied, D.C.Cir., 502 F.2d 375; *Molinaro v. Watkins-Johnson CEI Division,* D.Md. 1973, 359 F.Supp. 474, 476; *United States v. Garrison,* E.D.La.1972, 340 F.Supp. 952, 956.

10. *United States v. Hall,* W.D.Okla.1975, 424 F.Supp. 508, 534, aff'd 10 Cir., 536 F.2d 313; *United States v. Civella,* W.D.Mo.1975, 416

F.Supp. 676, 682. The court in *United States v. Thompson,* 3 Cir.1973, 483 F.2d 527, at 528, stated the components of the burden more particularly:

> In an affidavit of bias, the affiant has the burden of making a threefold showing:
> 1. The facts must be such that, if true, they would convince a reasonable man that bias exists;
> 2. The facts must be material and stated with particularity;
> 3. The facts must show the bias is personal, as opposed to judicial in nature.

11. *United States v. Ritter,* 10 Cir.1976, 540 F.2d 459, 462, cert. denied 429 U.S. 951, 97 S.Ct. 370, 50 L.Ed.2d 319; *Parrish v. Board of Commissioners of Alabama State Bar,* 5 Cir.1975, 524 F.2d 98, 99, on remand 533 F.2d 942, cert. denied 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188; *Curry v. Jensen,* 9 Cir.1975, 523 F.2d 387, 388, cert. denied 423 U.S. 998, 96 S.Ct. 428, 1975; *U.S. v. Civella,* W.D.Mo.1975, 416 F.Supp. 676, 681; *Sperry Rand Corp. v. Pentronix, Inc.,* E.D.Pa.1975, 403 F.Supp. 367, 371; *Hall v. Burkett,* W.D.Okla.1975, 391 F.Supp. 237, 242; *United States v. Mitchell,* D.D.C.1974, 377 F.Supp. 1312, 1316, petit. for mandamus denied D.C.Cir.1974, 502 F.2d 375; *Molinaro v. Watkins-Johnson CEI Division,* D.Md.1973, 359 F.Supp. 474, 476; *United States v. Partin,* E.D.La.1970, 312 F.Supp. 1355, 1359.

12. *United States v. Dansker,* 3 Cir.1976, 537 F.2d 40, 53, cert. denied 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748; *Morrison v. United States,* N.D. Tex.1969, 321 F.Supp. 286, 288, aff'd 5 Cir. 432 F.2d 1227, cert. denied, 401 U.S. 945, 91 S.Ct. 959, 28 L.Ed.2d 227.

"Judicial bias" is not sufficient. Bias developed during the trial, if any, is judicial bias and is not "personal bias." Judicial bias, if any, is not contemplated by 28 U.S.C. § 144.

judicial in origin.[13] By this it is meant that the alleged attitude and preconception on the part of the judge must arise from a source beyond the four corners of the courtroom, and not from his participation in the case. The only exception to this rule recognized in this Circuit is "where such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party." [14] The judge is permitted to fully express himself on legal matters,[15] and adverse rulings against the moving party cannot serve as a basis for disqualification.[16] Criticism directed against the moving party, his attorney or a witness which does not indicate an opinion on the merits of the litigation is held not to be a valid ground for recusal,[17] although it may constitute error if made in the presence of a jury.[18]

▮ Proceeding from these basic rules of construction and application, I can reach no other conclusion than that plaintiff and his counsel's affidavits are legally insufficient to show a disqualifying bias on my part. My rulings on the various motions to continue were legal decisions which may not serve as a basis for disqualification.[19] The affidavits' description of my comments to Mr. Dulaney in court does not support the conclusion that I am personally biased against him.[20] The affidavits do not recite a single word as having been said that would indicate any prejudice towards the plaintiff.

Moreover, the allegations contained in the affidavits were presented on appeal to the Fifth Circuit which considered them and found no error in my conduct. I conclude that the affidavits do not set forth sufficient facts to show personal bias on my part against the plaintiff.

According to the controlling jurispru-

---

"Personal bias" is the necessary ingredient of this statute.
*United States v. Hall*, W.D.Okla.1975, 424 F.Supp. 508, 534, aff'd 10 Cir., 536 F.2d 313.

**13.** *United States v. Dansker*, 3 Cir.1976, 537 F.2d 40, 53, cert. denied 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748; *Davis v. Board of School Commissioners*, 5 Cir.1975, 517 F.2d 1044, 1051, cert. denied, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188; *Curl v. International Business Machines Corp.*, 5 Cir.1975, 517 F.2d 212, 214, cert. denied 425 U.S. 943, 96 S.Ct. 1683, 48 L.Ed.2d 187; *Bowling v. Mathews*, 5 Cir.1975, 511 F.2d 112, 114, stay denied 421 U.S. 927, 95 S.Ct. 1651, 44 L.Ed.2d 84; *United States v. Hall*, W.D.Okla. 1975, 424 F.Supp. 508, 534, aff'd 10 Cir., 536 F.2d 313; *Hirschkop v. Virginia State Bar Association*, E.D.Va.1975, 406 F.Supp. 721, 724; *Duplan Corp. v. Deering Milliken, Inc.*, D.S.C.1975, 400 F.Supp. 497, 514, aff'd 4 Cir., 522 F.2d 809; *United States v. Orbiz*, D.Puerto Rico 1973, 366 F.Supp. 628, 629; *United States v. Garrison*, E.D.La.1972, 340 F.Supp. 952, 956–57; *United States v. Partin*, E.D.La.1970, 312 F.Supp. 1355, 1358; *Morrison v. United States*, N.D.Tex.1969, 321 F.Supp. 286, 288, aff'd 5 Cir., 432 F.2d 1227, cert. denied 401 U.S. 945, 91 S.Ct. 959, 28 L.Ed.2d 227.

**14.** *Davis v. Board of School Commissioners*, 5 Cir.1975, 517 F.2d 1044, 1051, cert. denied 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188.

**15.** *Samuel v. University of Pittsburgh*, W.D.Pa. 1975, 395 F.Supp. 1275, 1278–79, vacated on other grounds, 3 Cir.1976, 538 F.2d 991.

**16.** *United States v. Hall*, W.D.Okla.1975, 424 F.Supp. 508, 534, aff'd 10 Cir., 536 F.2d 313; *Davis v. United States*, E.D.Okla.1975, 415 F.Supp. 982, 985; *Duplan Corp. v. Deering Milliken, Inc.*, D.S.C.1975, 400 F.Supp. 497, 514–15, aff'd 4 Cir., 522 F.2d 809; *Bumpus v. Uniroyal, Inc.*, E.D.Pa.1974, 385 F.Supp. 711, 713.

**17.** *United States v. Crovedi*, 7 Cir.1972, 467 F.2d 1032, 1040, cert. denied 410 U.S. 982, 93 S.Ct. 1510, 36 L.Ed.2d 178 (although critical comment of judge was unnecessary, it was accurate and did not demonstrate a bias on the merits of the case); *Botts v. United States*, 9 Cir.1969, 413 F.2d 41, 44 (demeanor of judge not sufficient to disqualify him from the case, although it might serve as basis for error); *Sperry Rand Corp. v. Pentronix, Inc.*, E.D.Pa.1975, 403 F.Supp. 367, 371–72 (court's comments during case did not demonstrate a predisposition on the merits); *United States v. Orbiz*, D.Puerto Rico 1973, 366 F.Supp. 628, 630–31 (critical statements directed against moving party, counsel or witnesses were insufficient to establish disqualifying personal bias, whether discrete or indiscrete); *Martelli v. City of Sonoma*, N.D.Cal.1973, 359 F.Supp. 397, 400 (anger of judge towards counsel insufficient to disqualify judge when judge made no comment on merits of case).

**18.** *Botts v. United States*, 9 Cir.1969, 413 F.2d 41.

**19.** *See* notes 15 and 16 and accompanying text, *supra.*

**20.** *See* note 15 and accompanying text, *supra.*

dence of this Circuit,[21] in order to require disqualification of a judge, the facts must be such that they would convince a reasonable man that bias against a party exists. The facts in these affidavits do not warrant this conclusion. Therefore, under the Fifth Circuit precedents, I must not disqualify myself, but rather must conduct the trial.

 No judge has a proprietary interest in any case, and I have no special desire to hear the motions in this one. The imposition of costs and fees is not a popular assignment. It involves considerable effort, long hours and the resolution of difficult problems. I am satisfied that there are no statutory or other reasons for me to disqualify myself. Moreover, to allot the case to another judge simply because defendant requests it would then create the very problem the statutes are designed to avoid: litigants and judges should know exactly when a judge is disqualified. A judge should disqualify himself in those cases contemplated by the statutes and in no others, for the parties are not given a peremptory challenge to the judge. In addition, allotment of the case would mean that some other judge would be required to hear what I have already heard and that with which I am thoroughly familiar; those litigants whose cases are already set in that judge's court would be required to wait.

Accordingly, plaintiff's motion to recuse me is DENIED.

**Motion For Attorneys' Fees**

Plaintiff filed his action on March 7, 1980. Trial began December 12, 1983.

The evidence in the case revealed that in November, 1977, plaintiff Dulaney was employed by Winnfield Life Insurance Company, Incorporated and Winnfield Funeral Home to operate a business that was being conducted by both companies at the premises 11112 Jefferson Highway in Jefferson Parish, Louisiana. The plaintiff continued in their employ until December 18, 1979 when he was verbally discharged. In a letter dated December 20, 1979, Dulaney was instructed to vacate the premises within three days and turn over all insurance matters and monies to Mr. Adams, the company representative.

Instead of vacating the premises as he was instructed to do, Dulaney, on December 22, 1979, ordered Adams, the representative of the owners of the business, not to enter the premises. He then sought the aid of the sheriff of the parish to help him prevent the representative of the lawful owner from entering upon the premises which it owned and in which it operated its business.

The evidence showed that on December 22, 1979, a sheriff's deputy was summoned to the premises by Dulaney who showed him an occupational license which he told the deputy gave him the right to possession of the property. Dulaney then sought the intervention of the sheriff's deputy to forcibly exclude the representatives of the business from the premises. The evidence further showed that there was an angry exchange between Dulaney and Adams in which threats of bodily harm were exchanged.

On December 24, 1979, the defendant Bandaries, apparently the only white private defendant, accompanied by Messrs. Adams and Williams, the employees of Winnfield Life Insurance Company, visited the Sheriff's Office in Jefferson Parish and notified the sheriff that the property at 11112 Jefferson Highway was owned by Samuel Richardson, and that plaintiff Dulaney, formerly employed in the business operated at the premises, had been terminated. They displayed to him an act of sale for the premises and the letter of termination addressed to Dulaney. The sheriff then conferred with deputies who had been summoned to his office and dispatched them along with Bandaries, Adams and

**21.** *Parrish v. Board of Commissioners of Alabama State Bar,* 5 Cir.1975, 524 F.2d 98, on remand 533 F.2d 942, cert. denied 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188; *Davis v. Board of School Commissioners,* 5 Cir.1975, 517 F.2d 1044, 1052, cert. denied, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188.

Williams to the premises with the instructions to keep the peace.

When the deputies, Bandaries, Williams and Adams arrived at the premises, Dulaney was not present. The men then entered the premises and Bandaries announced to the company employees the transfer of the business to Richardson, the discharge of Dulaney, and requested that the employees leave the premises.

Assured that there was no further need for their services, the deputies left the premises. They did not take property belonging to Dulaney or to any of the business entities operating on the premises. Subsequent to the departure of the deputy sheriffs, defendant Bandaries arranged to have the locks on the doors changed and engaged a security guard to maintain the security of the premises.

Later, on December 24, 1979, Dulaney returned to 11112 Jefferson Highway where he was met by the defendant Williams who informed him that he could not enter the premises and that there was a court order preventing him from doing so. Dulaney left.

The events surrounding the transfer of the property and the businesses operated at 11112 Jefferson Highway caused both Richardson's Funeral Home of Jefferson Parish, Inc. and Winnfield Funeral Home of Jefferson Parish, Inc. to seek an injunction in state court prohibiting Dulaney from entering the property or harassing their agents or employees or impeding or obstructing their business.

Following trial in the Twenty-Fourth Judicial District for the Parish of Jefferson, Judge Thomas Wicker issued an order enjoining Dulaney from entering on the grounds or into the buildings located at 11112 Jefferson Highway and/or in any way harassing, threatening or harming any agents or employees of plaintiffs and/or impeding or obstructing the business operations conducted on the premises.

The trial judge found:

The owner of the land and buildings bearing Municipal Number 11112 Jefferson Highway is Richardson. Dulaney was neither a stockholder, officer, agent nor director of Winnfield and never had authority to operate a funeral home from the premises. Additionally, Dulaney was a terminated employee of Winnfield Life Insurance Company, Inc. and as such had no authority to continue representing himself as owner, director, agent, and/or employee of the Winnfield Life Insurance Company, Inc.

Appeal of Judge Wicker's decision was taken to the Fourth Circuit Court of Appeal of Louisiana.

In affirming the trial judge, the Court of Appeal pointed out that:

Nowhere does Dulaney show what authority he had to occupy the premises for the purpose of conducting a funeral business. He had neither an interest in the property nor an interest in the corporations which owned the property; nor was he a tenant or lessee of the owner. The only relationship he could show was that of an employee of Winnfield Life Insurance Company, Inc. and that relationship had been terminated at the time this suit was instituted. Even if, as contended by the defendant (Dulaney), he was an officer or employee of Winnfield Funeral Home of Jefferson Parish, Inc., the relationship alone would not establish authority for him to conduct a funeral business on the premises for his own account. To the contrary, the evidence shows rather conclusively that Winnfield Funeral Home of Jefferson Parish, Inc. had repeated difficulties with regulatory authority because of Dulaney's efforts to act as a funeral director or embalmer when he was not licensed to do so in Louisiana.

Based on an allegation of fraud, the trial court permitted the defendant to attack the credit sale by Winnfield to Richardson by parol evidence and after listening to the evidence concluded the defendant's attack was without merit.

*Richardson's Funeral Home of Jefferson Parish, Inc., et al. v. Dulaney*, 405 So.2d 1295, 1297 (La.App. 4th Cir.1981).

Neither plaintiff's pleadings nor recitations in the pre-trial order are a model of clarity. Numerous pre-trial conferences were necessary in an effort to more precisely define the issues. Those attempts were unsuccessful. Finally, prior to commencement of trial, I announced that the parties were bound by the facts found by the state courts and that they were res judicata. Those facts included the issue of ownership of the land and buildings bearing Municipal Number 11112 Jefferson Highway; the validity of the credit sale from Winnfield to Richardson; the plaintiff's status as a stockholder, officer, agent, or director of Winnfield Funeral Home; and, plaintiff's authority to operate a funeral home from the premises.

I further informed the parties that the state courts had determined that Dulaney did not have an interest in the property 11112 Jefferson Highway or in the corporation which owned the property and that he was neither tenant nor lessee of the property. I informed them that Dulaney's status was that of an employee of Winnfield who had been terminated and that he had no colorable claim to title of the real estate and whatever possession or occupancy he had was as an employee of a corporate tenant.

Despite my admonitions at the outset of the trial and my repeated instructions to him, during the eight days of trial, counsel for plaintiff continually sought to relitigate each of the issues already determined in state court.

To prove his claim under Section 1983, it was necessary for the plaintiff to prove first, that the defendants performed acts which operated to deprive him of one or more of his federal constitutional rights; second, that the defendants acted under color of the authority of the State of Louisiana; and third, that the defendants' acts were the proximate or legal cause of damages suffered by him. The evidence, however, was that defendants Bandaries, Adams and Williams acted with the authority of both the former owner and the then owner of the premises and business and

that the sheriff's deputies accompanied them to the premises for the sole purpose of standing by in case of trouble. The sheriff's deputies committed no act whatever to deprive plaintiff of any property. There is no evidence in the record to support a contrary finding. There was no evidence that the sheriff's deputies removed any article of property, or impounded, seized or in any way exercised dominion, control or authority over any property belonging to the plaintiff.

To establish the Section 1985(3) claim the plaintiff was required to prove first, the existence of a conspiracy; and, second, that the purpose of the conspiracy was to deprive the plaintiff of the equal protection of the laws or of the privileges and immunities under the law. To succeed on this claim, it was necessary for him to establish that there was an invidious class based on racial discrimination or racial or class-based animus motivating the violation and, in the case of a due process deprivation, that the actions were taken under color of state law. It was also required that the plaintiff show that the act was committed in furtherance of a conspiracy whereby the plaintiff was injured in his personal property or deprived of exercising any right or privilege of a citizen of the United States.

There was no offer of proof on plaintiff's second claim. There was no showing of any of the necessary elements to establish an invidious racial or class-based animus. Indeed, the evidence was that, with the exception of Bandaries, the other defendants are black or corporations owned by black shareholders.

Defendants seek to recover their costs and attorneys' fees from both plaintiff and his attorney. Section 1988 of Title 42 United States Code provides in part:

In any action or proceeding to enforce a provision of Sections 1981, 1982, 1983, 1985 and 1986 of this title ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs.

## Standard For Recovery

A successful civil rights defendant may recover attorney's fees against the plaintiff "only where [the plaintiff's] suit was 'frivolous, vexacious, or brought for harassment purposes.'" *Keyes v. Lauga*, 635 F.2d 330, 334 (5th Cir.1981), citing *Richardson v. Hotel Corp. of America*, 332 F.Supp. 519 (E.D.La.1971), *aff'd* 468 F.2d 951 (5th Cir.1972).

 A successful defendant does not have to show bad faith on the part of the plaintiff, but merely that the claim was "frivolous, unreasonable, or without foundation." *White v. South Park Independent School District*, 693 F.2d 1163, 1169 (5th Cir.1982) citing *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978).

Section 1927 of Title 28 provides in part: Any attorney ... who so multiplies the proceedings in any case unreasonably and vexaciously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

This statute does not distinguish between winners and losers or plaintiffs and defendants; it is "concerned only with limiting the abuse of court processes." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 2462, 65 L.Ed.2d 488 (1980).

At the conclusion of the trial I found that plaintiff's claims under both Sections 1983 and 1985(3) were "frivolous, unreasonable and groundless." I found it ludicrous for plaintiff to complain of the conduct of the defendants who sought to protect their lawful interest by the very process that plaintiff sought to use to assert his unlawful purpose. I also found the conduct of plaintiff's counsel during the trial to be "outrageous" and that he had been discourteous, argumentative and ignored orders that I directed toward him.

I have carefully read pertinent portions of the transcript of the trial of this case and have attentively listened to argument of counsel. Based on those considerations, I am satisfied beyond question that plaintiff's claims were indeed frivolous and groundless and that his attorney's conduct in refusing to abide by the orders and rulings of the Court prolonged the proceeding substantially and unreasonably and was seriously vexatious.

## Reasonableness of Counsel's Fees and Costs

 Despite the fact that the plaintiff has filed no opposition memorandum contesting the amount of attorneys' fees and costs incurred in this litigation, I have carefully considered defendants' counsel's statements of expenses and fees and supporting affidavits in light of the criteria established by *Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714 (5th Cir.1974) for an award of fees. Accordingly, I find the following amounts fair and reasonable:

| | | | |
|---|---|---|---|
| 1. | To A. W. Wambsgans | | |
| | 402 hours at $50.00 per hour | $20,100.00 | |
| | Costs | 500.85 | |
| | Total | | $20,600.85 |
| | Attorney for Anthony Soto, Andrew George, North River Insurance Company and Kurt Snow | | |
| 2. | To Camille Gravel, Jr. | | |
| | 93 hours at $100.00 per hour | | $ 9,300.00 |
| 3. | To Anna Dow | | |
| | 218 hours at $75.00 per hour | | $16,350.00 |
| 4. | To Susan Theisin | | |
| | 448¾ hours at $50.00 per hour | $22,437.50 | |
| | 135¼ hours at $75.00 per hour | $10,143.75 | |
| | Total | | $32,581.25 |
| | Attorneys for Winnfield Funeral Home of Jefferson, Inc., Winnfield Life Insurance, Inc., Ben D. Johnson, Johnetta Turner Johnson, Richardson's Funeral Home of Jefferson Parish, Inc., Samuel Richardson, Earl Lee Richardson, Alex Richardson, Jr., Emmitt Norris Richardson, Madro Bandaries, Woodrow Adams and Willard C. Williams | | |
| 5. | Costs incurred by Mr. Gravel, Ms. Dow and Ms. Theisin | | $13,627.34 |
| | Total | | $92,459.44 |

## The Guidelines

### (1) The time and labor required.

The record in this case is voluminous. The trial consumed eight days. There were numerous pleading amendments, motions and conferences. In large part, they were a direct result of the obfuscation of the plaintiff's case by the plaintiff's attor-

ney. Weighed against my own experience in similar litigation, the total amount of time and labor required to be devoted under the circumstances of this case by defense counsel is fair and reasonable. Moreover, I find no duplication of effort. Indeed, certain necessary work not requiring the skill of lead counsel was performed by lawyers at lower hourly billing rates than charged by lead counsel.

**(2) The novelty and difficulty of the questions.**

Although this case should have been a relatively simple and straightforward one, the issues involved were confused and made difficult by plaintiff's pleadings and plaintiff's counsel's inability and/or refusal to articulate them. Even to the end, on defendants' motion for attorneys' fees, counsel for plaintiff still insisted on confusing the issues of this case with those already decided in state court, held by me to be res judicata and affirmed on appeal by the Fifth Circuit Court of Appeals. In this regard, I should point out that plaintiff's theory was indeed a novel one, albeit not novel within the meaning of *Johnson.* Plaintiff, a black man, insisted that black men had discriminated against him on the basis of race, yet he offered no evidence in support of his contention. Nevertheless, the defendants were forced to counter it.

**(3) The skill requisite to perform the legal service properly.**

Counsel for defendants always sought to be prepared on plaintiff's constantly changing theories and acted in a professional manner at all stages of this proceeding. The skill required to them in meeting plaintiff's obscure legal theories was indeed enormous.

**(4) The preclusion of other employment by the attorney due to acceptance of the case.**

Defense counsel have offered no evidence regarding the preclusion of other employment and therefore this factor was not taken into account in reaching my decision.

**(5) The customary fee.**

Mr. Wambsgans has practiced law for over thirty years. Mr. Gravel has been a member of the bar for an even longer period. Both are seasoned attorneys with years of trial experience. The customary fee in this community charged by attorneys with the vast experience of Messrs. Wambsgans and Gravel ranges between $125–$150 per hour. Accordingly, I find the hourly rates charged by Mr. Wambsgans ($50) and Mr. Gravel ($100) more than reasonable.

Ms. Theisin and Ms. Dow have both been practicing law in Louisiana for five years. Both billed their services at a rate of $75.00 per hour (although Ms. Theisin billed over 400 hours at a rate of only $50.00 per hour), an amount customary for attorneys of five years' experience in this community and which I find to be fair and reasonable in this case.

**(6) Whether the fee is fixed or contingent.**

Counsel for the defendants each worked at a fixed hourly rate.

**(7) Time limitations caused by the client on the circumstances.**

The numerous delays caused by Mr. Ethridge and his client imposed considerable time constraints on this Court. The tactics employed by the plaintiff and his counsel had a similar effect on counsel for the defendants, placing repeated scheduling pressures on them.

**(8) The amount involved and the results obtained.**

Although the plaintiff's demand for damages was enormous, counsel for the defendants were successful in obtaining a favorable judgment without the necessity of having to present any evidence at trial on their clients' behalf.

**(9) The experience, reputation and ability of the attorneys.**

I have previously discussed the experience of defense counsel. Their reputations as well-skilled, hard-working lawyers are beyond reproach. They are attorneys well known to the Court and highly respected by bar and bench.

**(10) The "undesirability" of the case.**

The case was not an "undesirable" one as that term is employed in *Johnson, supra,* and therefore that factor does not effect my decision.

**(11) The nature and length of the professional relationship with the client.**

The law firm of Gravel & Brady has done some previous work for some of the defendants involved in this case. The amount charged was certainly fair and reasonable, even were the defendants regular clients.

**(12) Awards in similar cases.**

The effect of awards in similar cases relates to an award of attorney's fees to a successful civil rights plaintiff and thus has not been considered by me.

**The Award**

In light of the frivolous nature of plaintiff's claims and the unnecessary and vexatious multiplication of these proceedings caused by the egregious conduct of both plaintiff and his counsel, I find Mr. Dulaney and Mr. Ethridge liable in solido for the sum of $92,459.44 in costs and attorneys' fees. Let judgment be entered accordingly.